UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT CULLINANE, )
    *Plaintiffs*, )
)
VS. )
) C.A. NO. 1:23-cv-11526-FDS
TOWN OF CONCORD, )
    *Defendants*. )

## TOWN OF CONCORD'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & JURY DEMAND

### First Defense

Plaintiff's Amended Complaint fails to state a claim against the Town of Concord (hereinafter, the "Town") upon which relief can be granted and, therefore, must be dismissed.

### Second Defense

The Plaintiff's Amended Complaint fails to state a claim against the Town upon which relief can be granted and, therefore, the Town has no obligation to pay the Plaintiff any amount of the damages alleged.

### Third Defense

The Town responds to the allegations contained in the Plaintiff's Amended Complaint, paragraph by paragraph, as follows:

### THE PARTIES

1. Admitted.
2. Admitted.

### FACTS

3. Admitted.
4. Admitted.

1

5. Admitted.

6. The Town denies that Cullinane had an employment agreement that called for him to be paid extra money for emergency calls. The provisions applicable to pay for call back is set forth in the applicable collective bargaining agreement.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that Cullinane completed the discrete job. The remaining allegations in this paragraph are denied.

11. Admitted that Cullinane was assigned to complete an additional job that day. The remaining allegations in this paragraph are denied.

12. Admitted.

13. The Town admits that Cullinane sought two separate payments but denies he was entitled to both payments.

14. The Town neither admits nor denies the allegations in this paragraph because it is without actual knowledge of same, and calls upon the Cullinane to prove the same.

15. Denied.

16. The Town admits that Cullinane sought two separate payments. The remaining allegations in this paragraph are denied.

17. The Town admits that Cullinane sought two separate payments.  The remaining allegations in this paragraph are denied.

18. Upon information and belief, denied.

19. Admitted that Cullinane raised this issue with the Town's Human Resources Director, Amy

Foley. The Town neither admits nor denies the date alleged in this paragraph because it is without actual knowledge of same, and calls upon the Cullinane to prove the same.

20. The Town admits that Cullinane sought two separate payments but denies he was entitled to both payments. Further responding, denied that payment for call-back was controlled by anything other than the Collective Bargaining Agreement between the Town and Cullinane's union.

21. Admitted.

22. Denied.

23. Denied.

24. Admitted that the Town agreed to pay Cullinane for two separate calls as a concession in light potentially ambiguous language in the Collective Bargaining Agreement. Admitted that doing so was not intended to set a precedent. The Town denies Cullinane's characterization of Mr. Reine's statements.

25. Denied.

26. Denied.

27. Denied.

28. The Town admits that Mr. Reine authorized payment to Cullinane for two separate call-ins considering potentially ambiguous language in the Collective Bargaining Agreement. The remaining allegations contained in this paragraph are denied.

29. Denied that the scrap metal was being thrown away as trash. Otherwise, admitted.

30. Admitted.

31. Denied that the scrap metal was trash or that it was being placed in a dumpster to be thrown away as trash. Otherwise, admitted.

32. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

38. Admitted.

39. The Town admits that Mr. Reine informed Town officials, including the Police Chief, that Cullinane had placed the lift arms, plow blade edges and street signs in his truck. The Police Chief decided that it would be handled as a police matter. Mr. Rowley submitted a written report to the police department on December 7, 2017, as requested.

40. Denied.

41. Denied.

42. The Town neither admits nor denies the allegations contained in in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

43. Admitted that Cullinane was arrested on December 17, 2017. The remaining allegations in this paragraph are denied.

44. Admitted that Cullinane was arrested. The remaining allegations in this paragraph are denied.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted.

52. Admitted that the criminal matter was dismissed prior to arraignment. The remaining allegations contained in this paragraph are denied.

53. Denied.

54. Admitted that the Town corresponded with Cullinane following the December 7, 2017 hearing. The remaining allegations in this paragraph are denied.

55. Admitted that, as a part of being placed on paid administrative leave pending an internal investigation, Cullinane was issued a No Trespass Notice. The remaining allegations contained in this paragraph are denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that Cullinane sought a medical leave of absence. The remaining allegations in the paragraph are denied.

63. Denied.

64. Admitted.

65. The Town neither admits nor denies the allegations contained in this paragraph as the referenced correspondence between the Town and Cullinane are written documents, the contents of which speak for themselves. The Town denies any allegations that are inconsistent with the contents of the written document.

66. Denied.

67. The Town neither admits nor denies the allegations contained in this paragraph as the referenced correspondence of May 1, 2018, between the Town and Cullinane is a written document, the contents of which speak for themselves. The Town denies any allegations that are inconsistent with the contents of the written document.

68. The Town neither admits nor denies the allegations contained in this paragraph as the referenced correspondence of May 1, 2018, between the Town and Cullinane is a written document, the contents of which speak for themselves. The Town denies any allegations that are inconsistent with the contents of the written document.

69. The Town neither admits nor denies the allegations contained in this paragraph as the referenced correspondence of May 1, 2018, between the Town and Cullinane is a written document, the contents of which speak for themselves. The Town denies any allegations that are inconsistent with the contents of the written document.

70. Denied.

71. Denied.

72. Denied.

73. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

74. Denied that the Town discharged Cullinane, as he voluntarily resigned. The remaining

allegations in this paragraph are admitted.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

## COUNT I
## Wrongful Termination in Violation of Public Policy

80. The Town repeats and incorporates by reference its responses to Paragraphs 1 through 79 above.

81. Admitted that Cullinane complained to agents of the Town, his employer. Denied that Cullinane was owed or entitled to any additional payments.

82. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

83. Denied.

84. Denied.

85. Denied.

## COUNT II
## Unlawful Retaliation in Violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3)

86. The Town repeats and incorporates by reference its responses to Paragraphs 1 through 85 above.

87. The Town neither admits nor denies the allegations contained in this paragraph because they call for only a legal conclusion, to which no response is necessary.

88. Admitted.

89. The Town neither admits nor denies the allegations contained in this paragraph because they call for only a legal conclusion, to which no response is necessary.

90. Admitted that Cullinane complained to agents of the Town, his employer. Denied that Cullinane was owed or entitled to any additional payments.

91. The Town neither admits nor denies the allegations contained in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.

92. Denied.

93. Denied.

94. Denied.

## COUNT III
### Deprivation of Rights, 42 U.S.C. § 1983

95. The Town repeats and incorporates by reference its responses to Paragraphs 1 through 95 above.

96. Admitted.

97. Admitted.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106.    Denied.

107.    Denied.

108.    Denied.

### FOURTH DEFENSE

The Plaintiff fails to plausibly allege an unconstitutional or unlawful custom, policy or practice on the part of the municipal Defendant, and therefore, cannot recover in this action.

### FIFTH DEFENSE

No unconstitutional or unlawful custom, policy or practice of the municipal Defendant caused Plaintiff's alleged civil rights violations and, therefore, the Plaintiff cannot recover.

### SIXTH DEFENSE

The Plaintiff fails to allege sufficient facts to support an allegation that the Town or its officials acted with deliberate indifference and, therefore, cannot recover in this action.

### SEVENTH DEFENSE

The Town cannot be held liable for punitive damages as a matter of law, nor are there any circumstances warranting punitive damages as a matter of fact.

### EIGHTH DEFENSE

At all relevant times, the Town and its employees/officers/agents acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### NINTH DEFENSE

The Plaintiff was not deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### TENTH DEFENSE

The injury or damage alleged in Plaintiff's Amended Complaint was neither caused nor proximately caused by the Town.

### ELEVENTH DEFENSE

The Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claims against the Town.

### TWELFTH DEFENSE

The injuries and damages alleged were caused by the Plaintiff's own intentional or negligent conduct and not the conduct of the Town.

### THIRTEENTH DEFENSE

The Town was justified in their acts or conduct and therefore the Plaintiffs cannot recover.

### FOURTEENTH DEFENSE

The Plaintiff, at the time of the alleged incidents in the Amended Complaint, was guilty of a violation of law(s), which contributed to the alleged incidents.

### FIFTHTEENTH DEFENSE

The Town states that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### SIXTEENTH DEFENSE

The Plaintiff's recovery is barred or lessened by the failure to mitigate damages.

### SEVENTEENTH DEFENSE

The Town states that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, has waived any and all rights he may have had against the Town.

### EIGHTEENTH DEFENSE

The Town state that at all times relevant hereto, the Defendants acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of acting reasonably and in good faith within the scope of their authority.

### NINETEENTH DEFENSE

The Town states that any force allegedly used to detain or arrest Plaintiff, if it occurred at all, was a reasonable use of force under the circumstances.

### TWENTIETH DEFENSE

In making an arrest, a police officer is permitted to use such force as is reasonable under the circumstances, and Town used only such force as was reasonable, therefore Plaintiff cannot recover.

### TWENTY-FIRST DEFENSE

The detention and/or arrest of Plaintiff was supported by reasonable suspicion based upon articulable facts and/or probable cause, and therefore Plaintiff cannot recover.

### TWENTY-SECOND DEFENSE

The Town did not initiate criminal proceedings against Plaintiff for an improper purpose, or with "malice", and therefore Plaintiff cannot recover.

### TWENTY-THIRD DEFENSE

The Plaintiff cannot establish legal malice which requires a showing that the Defendants "(1) knew there was no probable cause, and (2) acted primarily for a purpose other than that of properly adjudicating the claim."

### TWENTY-FOURTH FIFTH DEFENSE

The Amended Complaint is barred, in whole or in part, for failure to exhaust required administrative remedies.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims must be dismissed because the Defendant had a legitimate, nondiscriminatory reason for each job action it took regarding Plaintiff.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims must be dismissed because he did not suffer from retaliatory action.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims must be dismissed because he did not engage in any protected activity.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim of retaliation fails because there is no causal connection between any protected conduct and an adverse employment action.

### TWENTY-NINTH DEFENSE

The Town reserves the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or discovery.

### THIRTIETH DEFENSE

The Plaintiff received all process he was due, including notice and opportunity to be heard, and adequate post-deprivation remedies.

## **JURY DEMAND**

The Defendant Town of Concord demands a trial by jury as to all counts so triable.

        Respectfully submitted,

        The Defendant,

        TOWN OF CONCORD

        By their Attorneys,

        **PIERCE, DAVIS & PERRITANO, LLP**

        */s/ Justin L. Amos*
        _____
        John J. Cloherty, III, BBO #
        Justin L. Amos, BBO #661497
        10 Post Office Square, Suite 1100N
        Boston, MA 02109
        (617) 350-0950
        jcloherty@piercedavis.com
        jamos@piercedavis.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 18, 2023.

                                                  */s/ Justin L. Amos*
                                                  _____
                                                  Justin L. Amos, BBO #697232